UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELL RICHARDSON,

        Petitioner,

v.                                                    Case No. 09-CV-11088
                                                    Honorable Avern Cohn

DEBRA L. SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING**

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner filed his application with this Court on March 24, 2009. (Dkt. 1.) Now before the Court is Petitioner's "Motion to Appoint Counsel and For Evidentiary Hearing." (Dkt. # 5.) For the reasons stated below, Petitioner's motion will be denied without prejudice.

**II.**

Petitioner has requested the appointment of counsel to assist him with his petition for writ of habeas corpus. There exists no constitutional right to the appointment of counsel in civil cases such as this one, and the court has broad discretion in determining whether counsel should be appointed. A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a) (2)(B). Here, the interests of justice do not require appointment of

counsel at this time.

Regarding Petitioner's request for an evidentiary hearing, if a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence.

In this case, the motion for an evidentiary hearing will be denied without prejudice. Respondent's answer and Rule 5 materials is not due until September 30, 2009. After a careful review of Respondent's answer and the Rule 5 materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

### III.

Accordingly, Petitioner's motion for appointment of counsel and for evidentiary hearing is DENIED WITHOUT PREJUDICE. Petitioner's motion will be reconsidered if, following receipt of Respondent's answer to the petition and the filing of the

necessary Rule 5 materials, the Court determines that appointment of counsel is necessary and that an evidentiary is required.  Petitioner need not file any further motions.

    SO ORDERED.

                               s/ Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2009

I hereby certify that a copy of the foregoing document was mailed to Tyrell Richardson, 601396, G. Robert Cotton Correctional Facility 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, August 18, 2009, by electronic and/or ordinary mail.

                               s/ Julie Owens
                              Case Manager, (313) 234-5160