UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELL LADON RICHARDSON,

     Petitioner,                                         Case No. 09-11088

v.

                                                 HON. AVERN COHN

DEBRA L. SCUTT,

     Respondent.

_____/

## MEMORANDUM AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner, Tyrell Ladon Richardson, is a state inmate confined at the G. Robert Cotton Correctional Facility. Petitioner is serving a sentence of three concurrent terms of 210-to-480 months for his conviction of three counts of carjacking, M.C.L. § 750.529(a), 40-to-60 months for his conviction of felonious assault, M.C.L. § 750.82, 21-to-48 months for his conviction of carrying a concealed weapon, M.C.L. § 750.227, and consecutive two-year terms for four counts of felony-firearm, M.C.L. § 750.227b. Petitioner claims he is being held in custody in violation of his constitutional rights. For the reasons which follow, the petition will be denied.

### II. Background

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Defendant's convictions arose from three carjacking incidents that occurred near Farmington Hills, Michigan on August 13, 2005. On the night of the carjackings, defendant pulled into a gas station parking lot in a dark-colored Buick and approached Oleksiy Bolyukh, who was driving a silver gray BMW with an Illinois license plate. While Bolyukh was pumping gas, defendant approached him, held a gun to his head, took his car keys and wallet, and drove away in the BMW. Defendant's friend followed in the dark car. A few minutes later, police officers recognized two vehicles matching the dispatcher's description at a nearby intersection. The police followed the cars. Defendant turned onto a dead-end road, exited the BMW, and ran toward Middlebelt Road. He then approached a car stopped at the intersection of Middlebelt Road and Nine Mile Road. He pounded on the car window with his gun, demanding that the driver, Katherine Goddard, unlock the door. When Goddard refused to do so and the light turned green, Goddard floored her accelerator and defendant ran away. He then approached Cheryl and Terry Bias, who were walking near the same intersection stepping out of a hamburger restaurant. Defendant pointed his gun at Cheryl and demanded that she give him her car. When she refused and headed toward the restaurant to summon the police, defendant ran across the street toward a coin laundry. Defendant finally approached Tosh Louk, whose house was located near the coin laundry. Louk was not wearing a shirt and had a tattoo across his stomach that read "outlaw." Holding his semi-automatic chrome-plated gun, defendant informed Louk that he had "carjacked someone" and asked for Louk's help. Fearful that he would be shot or his parents' car would be stolen, Louk agreed to help defendant escape. With Louk's assistance, police arrested defendant the following day.

People v. Richardson, 2007 Mich. App. LEXIS 2478, *1-3 (Mich. Ct. App. Oct. 25, 2007)

Following his jury trial conviction for the above-described offenses, Petitioner filed an appeal in the Michigan Court of Appeals, presenting the following claims:

I. Defendant's was deprived of a fair trial where the prosecutor had an irrelevant and very prejudicial witness testify to an extraneous crime

II. Defendant was denied due process and is entitled to vacation of his conviction for carjacking in Counts 3 and 5 where there was insufficient evidence presented that he took a vehicle from anyone since he merely ran away after a brief encounter and the complainants never left or gave up their vehicles.

2

III.  Because there was no identification of defendant as to perpetrator, there was insufficient evidence to convict defendant of carjacking charges regarding Mr. and Mrs. Bias

IV.  Defendant was deprived of a fair trial given the repeated instances of ineffective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. Id.  Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied by standard order.   People v. Richardson, 480 Mich. 1136, 746 N.W.2d 85 (2008).

Petitioner's application for a writ of habeas corpus raises the same claims he presented to the state courts.

### III.  Standard of Review

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d). T his section creates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.  Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

A state-court decision is contrary to clearly established federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413

3

(2000).

A state-court decision involves an unreasonable application of clearly established federal law where the state court identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Factual findings of the state court are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). A state court decision resting on factual findings cannot be overturned unless the state court's findings were objectively unreasonable in light of the evidence presented in the state-court proceeding." Ayers v. Hudson, 623 F.3d 301, 308 (6th Cir. 2010).

## IV.  Analysis

### A.  Evidence of Prior Bad Acts

Petitioner first asserts that his trial was rendered unfair when the prosecutor attempted to introduce evidence that the dark-colored Buick used in the carjackings had been stolen the day before in another carjacking.  Defense counsel objected to the proposed testimony, and ultimately the parties agreed to stipulate the car in question was carjacked in Wayne County, but that the victim of that incident could not identify the perpetrators.  Petitioner claims that the stipulation nevertheless suggested that he was responsible for the previous incident, painting him as a person with a propensity to

4

commit carjackings.

The Michigan Court of Appeals found that the claim was waived by the stipulation.  Here, even assuming that the claim was not waived, the alleged error cannot form the basis for granting habeas relief.  Claims that a state court improperly admitted improper character evidence are non-cognizable on habeas review. See Bey v. Bagley, 500 F.3d 514, 519 (6th Cir. 2007); Estelle v. McGuire, 502 U.S. 62, 72 (1991) (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law).  The admission of this "prior bad acts" or "other acts" evidence against Petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence.  See Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).  Petitioner is therefore not entitled to habeas relief on his first claim.

### B.  Sufficiency of the Evidence - Vehicles Not Taken

Petitioner next asserts that there was insufficient evidence to sustain two of his counts of carjacking because Goddard and Cheryl Bias's vehicles were never taken. The Michigan Court of Appeals rejected this argument, noting that it was based on a superceded version of the carjacking statute that required a person to "rob, steal, or take" a motor vehicle to complete the offense.  The statute was amended in 2004 to require that the perpetrator use force or violence to put fear in another person "in the course of committing a larceny of a motor vehicle."  M.C.L. § 750.529a, as amended by 2004 Mich. Pub. Act 128.  The amended statute defines "course of committing a larceny

of a motor vehicle" as including acts that occur in an attempt to commit the larceny or the flight after commission of the larceny.  M.C.L. § 750.529a(2).

Petitioner does not challenge the quantity of the evidence presented to establish the required elements of carjacking.  Rather, he challenges the Michigan Court of Appeals' interpretation of what elements the state statute requires.  Petitioner says that state law required proof that he actually stole the motor vehicles, but the Michigan Court of Appeals held that the law does not so require.  It is a dispute the state court must win on habeas review.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law).  It is well-settled that "a state court's interpretation  of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). The Michigan Court of Appeals specifically found that there is no requirement under state law for the prosecutor to prove that "the perpetrator retain possession of the vehicle."  Richardson, 2007 Mich. App. LEXIS 2478 at *5.  Petitioner cannot challenge the state court's interpretation of this state law on habeas review.  Thus, he is not entitled to relief on this claim.

## C.  Sufficiency of the Evidence - Identification of Petitioner

In his third claim, Petitioner says that there was insufficient evidence offered at trial to demonstrate that he was the person who perpetrated the carjacking of Cheryl Bias.  The question is whether the state appellate court's adjudication of the claim was reasonable.

6

Clearly established Supreme Court law holds that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).  "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205 (emphasis in the original) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id. (emphasis in the original) (citing 28 U.S.C. § 2254).  "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)); see also McDaniel v. Brown,    U.S.   , 130 S.Ct. 665, 673, 175 L. Ed. 2d 582 (2010) (quoting Jackson, 443 U.S. at 326) ("A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'").

The Michigan Court of Appeals denied Petitioner's third habeas claim as follows:

7

. . . defendant argues that the evidence presented at trial was insufficient to establish his identity as the person who carjacked Cheryl. Identity is always an essential element of a criminal prosecution. People v. Oliphant, 399 Mich. 472, 489 (1976). The prosecutor must prove defendant's identity as the perpetrator beyond a reasonable doubt, People v. Kern, 6 Mich. App. 406, 409 (1967). Circumstantial evidence, and reasonable inferences drawn therefrom, may be sufficient to prove an element of a crime, including identity. People v. Jolly, 442 Mich. 458, 466 (1993); People v. Kimberly Schultz, 246 Mich. App. 695, 702 (2001).

We believe that the evidence presented at trial, viewed in the light most favorable to the prosecution, was more than sufficient to establish defendant's identity as the person who carjacked Cheryl. According to Bolyukh, defendant pulled out of the gas station parking lot in the BMW at approximately 10:30 p.m. The gas station is located near the intersection of Middlebelt Road and 12 Mile Road. Shortly thereafter, police officers observed the BMW within a few miles of the gas station, near the intersection of Middlebelt Road and 9 Mile Road. The carjackings involving Goddard and Cheryl, as well as Louk's interaction with defendant, occurred within a block of the same intersection between 10:30 and 10:45 p.m. Although mere presence at the scene of the crime, at the time the crime occurred, is insufficient to establish commission of the crime, evidence of opportunity and presence at the crime scene may contribute to a finding of guilt. People v. Barrera, 451 Mich. 261, 295 (1996); People v. Bowman, 254 Mich. App. 142, 151-152 (2002). Moreover, while Cheryl and Terry could not unequivocally identify defendant as the carjacker, Bolyukh, Goddard, Cheryl, and Terry all described the perpetrator as a tall, young, African-American male carrying a silver gun. Bolyukh and Goddard definitively identified defendant in a photographic lineup and at trial, and Louk assisted the police in arresting defendant. Further, police found a silver handgun in defendant's pocket upon his arrest. We find that this evidence was more than sufficient to support defendant's identity as the perpetrator.

Reversal is not warranted on the grounds of insufficient evidence.

Richardson, 2007 Mich. App. LEXIS 2478, at *5-7.

The Michigan Court of Appeals' determination of the facts, viewed in the light most favorable to the prosecution, is reasonable and not contrary to Jackson. As the court of appeals carefully explained, the evidence was sufficient from which a reasonable juror could conclude that Petitioner was person responsible for perpetrating

8

the Cheryl Bias carjacking.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

### D.  Ineffective Assistance of Counsel

Petitioner's final claim asserts that his trial counsel provided ineffective assistance of counsel at trial.  Petitioner makes several allegations regarding his counsel's trial performance:  (1) counsel should not have stipulated to the evidence regarding the Wayne County carjacking; (2) counsel failed to move for a directed verdict as to two of the carjacking charges; (3) counsel failed to object to the use of a photographic line up procedure rather than a corporeal one; and (4) counsel conceded Petitioner's guilt of the lesser offense felonious assault and carrying a concealed weapon.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984).  In so doing, the petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id.  In other words, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. Id.  To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

9

Strickland, 466 U.S. at 694.

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009)(quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 131 S. Ct. at 785. Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 129 S. Ct. at 1420 (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id.  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Richter, 131 S. Ct. at 785.  "Surmounting Strickland's high bar is never an easy task." Id. at 788 (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" eight years ago "is precisely what Strickland and AEDPA seek to prevent." Richter, 131 S. Ct. at 789.

The court of appeals denied Petitioner relief with respect to his ineffective assistance of counsel claim, explaining:

Defendant finally argues on appeal that the cumulative effect of his

10

trial counsel's errors amounted to ineffective assistance of counsel.  We disagree.  Because the trial court was not presented with and did not rule on defendant's claim of ineffective assistance of counsel, we are left to our own review of the record in evaluating his assertions. People v. Rodriguez, 251 Mich. App. 10, 38 (2002).

To establish ineffective assistance of counsel, defendant must show that defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and denied him a fair trial. People v. Henry, 239 Mich. App. 140, 145-146 (1999).  Furthermore, defendant must show that, but for defense counsel's error, it is likely that the proceeding's outcome would have been different. Id. at 146.  Effective assistance of counsel is presumed; therefore, defendant must overcome the presumption that defense counsel's performance constituted sound trial strategy. Id.

Defendant first argues that his trial counsel was ineffective for failing to object more strenuously to Majed's testimony about two African-Americans stealing his car and for withdrawing the motion to strike the testimony.  We disagree. As discussed infra, defense counsel immediately objected to the challenged testimony and, upon defense counsel's request, the prosecutor stipulated that Majed could not identify the people who stole his car and that the incident involving Majed's car should not be considered by the jury in this case.  Further, it is apparent from the record that defense counsel withdrew his motion to strike to avoid highlighting for the jury Majed's reference to being thrown from a bridge.  Thus, defense counsel's decision to withdraw the motion was apparently a matter of trial strategy, and we will not second-guess counsel regarding matters of trial strategy. People v. Rice (On Remand), 235 Mich. App. 429, 445 (1999).

Next, defendant argues that his trial counsel was ineffective for failing to move for a directed verdict on the carjacking charges involving Goddard and Cheryl.  Because there was more than sufficient evidence presented at trial establishing defendant's carjacking charges, as discussed infra, a motion for directed verdict would have been futile.  Defense counsel is not ineffective for failing to argue frivolous or meritless motions. People v. Darden, 230 Mich. App. 597, 605 (1998).

Defendant further argues that his trial counsel was ineffective for failing to object to the introduction of identification evidence from a photographic lineup.  We recognize that as a general rule, a physical lineup is the preferred method of allowing a witness to identify a suspect. People v. Anderson, 389 Mich. 155, 186-187 (1973), overruled in part on other grounds People v. Hickman, 470 Mich. 602 (2004).  Here, however,

11

a police officer testified that a proper physical lineup was not possible due to the lack of available juveniles to place in the lineup.  Under such circumstances, a photographic lineup was a permissible substitute for a physical lineup. Id. at 187 n 22.  Moreover, considering the overwhelming amount of identity evidence properly admitted at trial, defendant cannot establish that defense counsel's failure to object to the photographic lineup was outcome determinative.

Defendant finally argues that his trial counsel was ineffective for conceding guilt on certain offenses.  Counsel does not render ineffective assistance by conceding certain points at trial, and doing so may be an effective trial strategy. See People v. Wise, 134 Mich. App. 82, 98 (1984).  "An attorney may well admit guilt of a lesser included offense in hopes that due to his candor the jury will convict of the lesser offense instead of the greater." People v. Mark Schultz, 85 Mich. App. 527, 532 (1978).  Here, defense counsel's concessions regarding defendant's carjacking charges were consistent with his theory that defendant was guilty of the lesser offense of felonious assault.  As to conceding that defendant was guilty of CCW, we find that this was a reasonable trial strategy in light of the evidence presented on that charge.  Conceding the obvious is a permissible trial tactic. Wise, supra at 98.  Accordingly, we find that defendant has failed to overcome the presumption of sound trial strategy.

On appeal, defendant asks for a remand for further fact finding, but he did not comply with Michigan Court Rule 7.211, which provides a means for requesting a hearing in the trial court to develop evidence.  Even on appeal, defendant has not presented evidence or an affidavit demonstrating that facts elicited during an evidentiary hearing would support his claim. See Rule 7.211(C)(1)(a)(ii).  Thus, we decline to order a remand.

Richardson, 2007 Mich. App. LEXIS 2478, at *9-11.

The Michigan Court of Appeals' decision is reasonable.  With respect to the

Wayne County carjacking, it is undisputed that the car stolen in that incident was the

one used in the Oakland County incidents on the next day.  It is by no means obvious

that an objection to the introduction of this evidence would have been sustained.

Rather than take his chances with an objection, defense counsel chose to withdraw it

and agreed to stipulate that the car was associated with the earlier incident but that the

12

2:09-cv-11088-AC-MKM   Doc # 16   Filed 11/29/11   Pg 13 of 15   Pg ID 914

perpetrators were not identified.  The jury was also instructed not to consider the earlier carjacking in deciding the case.  The stipulation avoided testimony that the victim of the earlier incident was thrown bodily over a bridge.  The claim was reasonably rejected by the state court.

The allegations that defense counsel should have moved for a directed verdict and objected to the use of a photographic line up were also correctly rejected. Because, as indicated above, the prosecutor presented sufficient evidence to support the charges, a motion for a directed verdict would have been futile.  Likewise, state law did not support Petitioner's argument that a corporeal line up was required under the circumstances.  See People v. Anderson, 389 Mich. 155, 187 n. 22 (1973).  Counsel does not perform deficiently by failing to make futile motions or raise futile objections. See, e.g., United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000); McQueen v. Scroggy, 99 F.3d 1302, 1328 (6th Cir. 1996).

Finally, the allegation that his counsel conceded his guilt is not availing.  Defense counsel conceded during closing argument that his client was guilty of carrying a concealed weapon and assaulting Goddard and Mr. and Mrs. Bias.  His strategy was to argue that his client was guilty of these lesser offenses but not carjacking.  Conceding guilt as a strategy for avoiding conviction of a greater offense is not generally considered ineffective assistance of counsel. See Poindexter v. Mitchell, 454 F.3d 564 (6th Cir. 2006) (concession by defense counsel that the petitioner was guilty of murder but not guilty of aggravated murder did not amount to a violation of the Sixth Amendment right to the effective assistance of counsel).  Defense counsel's strategy was reasonable in light of the overwhelming evidence that Petitioner was involved in the

13

incidents.   The strategy did not fall below an "objective standard of reasonableness."

<u>Strickland</u>, 466 U.S. at 688.  Accordingly, Petitioner is not entitled to relief on this claim.

## V.  Conclusion

For the reasons stated above, the state court's rejection of Petitioner's claims did

not result in decisions that were contrary to Supreme Court precedent, an unreasonable

application of Supreme Court precedent, or an unreasonable determination of the facts.

Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of

Petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28

U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 29, 2011


I hereby certify that a copy of the foregoing document was mailed to Tyrell Richardson
601396, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201
and the attorneys of record on this date, November 29, 2011, by electronic and/or
ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160